IRA T. YODER, Appellant, v. J. E. WHITE, Respondent.

Kansas City Court of Appeals, May 2, 1898.

1. **Real Estate Broker**: COMMISSIONS. To earn his commissions a real estate broker must provide a purchaser ready and willing to purchase on the terms prescribed by the seller, and if he fails in this by the fault of the purchaser or his own fault he has earned no commission.

2. **Vendor and Vendee**: CONTRACT OF SALE: LETTER: RECEIPT. An incomplete contract for the sale of real estate may be by letter signed by the seller and this may be completed by a writing signed by his agent, as, for instance, a receipt for part of the purchase money, describing the lands.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

BURNEY & BURNEY for appellant.

(1) The agent must find a purchaser, able, ready and willing to buy the land on the terms agreed upon.

He is then entitled to his commission, even though the vendor does not go on and perfect the sale.  Barley v. Chapman, 41 Mo. 536; Nesbitt v. Helser, 49 Mo. 383; Love v. Owens, 31 Mo. App. 508; Harwood v. Diemer, 41 Mo. App. 51; Garhart v. Peck, 42 Mo. App. 650; Hayden v. Grills' Adm'r, 42 Mo. App. 1; Phister v. Ridge, 117 Mo. 553; Larow v. Bozarth, 68 Mo. App. 406; Vaughn v. McCarthy, 60 N. W. Rep. 1075; Vanderveer v. Suydam, 83 Hun. 116; Surgart v. Hawthorne, 40 Ill. App. 610; McLaughlin v. Wheeler, 47 N. W. Rep. 816; Levy v. Ruff, 4 Misc. 53; 53 N. Y. S. R. 174.  (2) The letter relied upon by White as a contract lacked one essential element of complying with the statute of frauds—there being no description of the real estate contained therein. Nor was the name of the grantee mentioned.  R. S. 1889, sec. 5186; Rucker v. Harrington, 52 Mo. App. 481; Fox v. Courtney, 111 Mo. 147; Weil v. Willard, 55 Mo. App. 376; Ringer v. Holtzclaw, 112 Mo. 519. (3) Yoder had no authority to enter into a binding written agreement for the sale of the land as agent for White.  R. S. 1889, sec. 5186; Roth v. Gaerger, 118 Mo. 556.

NOAH M. GIVAN and WILLIAM L. JARROTT for respondent.

(1) Plaintiff, as the agent of defendant, had the right to make a written contract with the purchaser for the sale of the farm.  Had plaintiff made such contract it would have bound this defendant.  Plaintiff received no payment and obtained no contract from the alleged purchaser.  Reiger v. Bigger, 29 Mo. App. 421; Ramsey v. West, 31 Mo. App. 676; Zeidler v. Walker, 44 Mo. App. 121; Harwood v. Triplett, 34 Mo. App. 273; Hoy v. Shepherd, 70 Ill. 309.  (3) Plaintiff is not

entitled to any commission. He produced no purchaser ready to comply with the contract; he produced no contract signed by the purchaser and refused to allow the purchaser to await until the owner could close the trade. He never performed any service that would entitle him to compensation. Zeidler v. Walker, 41 Mo. App. 118; Reiger v. Bigger, 29 Mo. App. 421.

ELLISON, J.—Plaintiff sued the defendant for a commission of $200 charged to be due him for the sale of defendant's farm. Defendant denied any liability to plaintiff and prevailed in the trial court.

The evidence in the cause is set forth at length in plaintiff's abstract of the record and there is some discussion of the law thought to be applicable by the respective counsel. The case however seems to turn on a single point, viz.: Did plaintiff produce a purchaser who was willing to purchase on the terms prescribed by the defendant. That he must have done so in order to entitle him to recover is not disputed. His claim is that he did so, but we think the record does not bear him out in the claim.

The defendant lived in Kansas, some distance from the farm, which was situated in Missouri where plaintiff lived and where the sale claimed by plaintiff was effected. Defendant wrote plaintiff a letter embodying his terms of sale, which were (in general terms) $8,400, $400 to be paid in cash and the balance in the following March when the deed was made. The letter was complete as a contract except that it did not contain a description of the land. It directed that *it should be considered as a contract*. The trouble between the parties and the thing which prevented a consummation of the sale to the purchaser was in regard to the payment of the

REAL estate broker: commission.

$400. It was not paid through the fault either of plaintiff or the purchaser, plaintiff can not recover. If the purchaser was at fault plaintiff has failed to produce a purchaser, as the law demands to entitle him to a commission, who was willing to purchase at the owner's terms given to the agent. If plaintiff was at fault he, of course, ought not to recover. The letter, after stating terms of sale, directed plaintiff to have $400 paid in bank and to "bind the trade and I will do as I said above. I am very busy sowing wheat; have lots of hands and just started sowing so I can not leave unless urgent, and I don't think it necessary for me to come at present. Simply bind the trade with the $400, and I will make him the deed by the first of March next." The purchaser refused to pay the $400, for the reason, as stated by counsel for plaintiff, that "he did not think the letter was a good contract for the sale of the land. He wanted a contract or bond 'or something' that would show that he had put the $400 on the land, and was to get a deed when the balance of the money was paid." This was no excuse whatever. The letter was explicit as to terms. It is true the letter would not itself show the $400 had been paid as the letter required, but it was plaintiff's duty to have executed a receipt or statement that the money had been paid as required. He was directed by defendant to "bind the trade." He could have easily done so by giving plaintiff a statement that the money had been paid on the land, describing it. He was authorized in writing to do so. He either refused or neglected to do so, or else the purchaser would not accept of that manner of closing the deal. In either case plaintiff can not recover.

Granting the letter as incomplete for a contract, in lacking a description of the land, it nevertheless

empowered plaintiff to "bind the trade
VENDOR and
vendee: contract with the $400," which was certainly clear
of sale: letter:
receipt. authority to acknowledge the payment
and to state what it was for by describing
the land. If this had been done the purchaser would
have had the letter of the principal supplemented by
the written acknowledgment of the agent, the two
papers making a complete contract. It is the law that
a contract for the sale of land may be by letter signed
by the seller. And that the writing evidencing the
sale need not be in one paper. And if in more than
one, some may be signed by the seller and others by
his agent properly authorized, all constituting one
complete contract.

It is clear from what has been written that plain-
tiff did not produce a purchaser willing to buy on the
terms submitted. And that his not being willing was
the fault of plaintiff or the purchaser, the plaintiff fail-
ing in his case in either event. The finding was there-
fore properly made against him and the judgment will
be affirmed. All concur.